## Weiland Theatres, Inc., v. Wilkinson et al.

*Equity—Injunction—Ejectment—Lease—Forfeiture—Jurisdiction.*

Where a bill to restrain enforcement of a forfeiture clause in a lease admitted that plaintiff had pending an action of ejectment against defendant on the same lease, a preliminary injunction was refused on the ground that plaintiff, by bringing an action of ejectment, had admitted that he was out of possession, and to grant the prayer would be restoring plaintiff to possession, which was not the province of equity, and, also, on the ground that plaintiff had apparently not been acting in good faith within the meaning of the lease. A preliminary injunction is not to be granted where the plaintiff's right is doubtful.

Motion to continue preliminary injunction. C. P. Allegheny Co., April T., 1922, No. 1598.

Before Shafer, P. J., and Carnahan, J.

*Alexander P. Lindsay*, for plaintiff.

*Theodore E. Manos* and *John S. Cort*, for defendants.

SHAFER, P. J., March 3, 1922.—The bill is by the lessee of a moving-picture theatre to restrain the defendants from enforcing alleged forfeiture of the

lease, and from persisting in the declaration that the balance of the term of said lease is void, and from continuing their interference with the rights of the plaintiff to the possession of the lease on the premises.

The bill alleges that the plaintiff therein has brought an action of ejectment against the defendants for the possession of the premises in question. It appears from the evidence that the plaintiff is an assignee of a lease of the theatre in question, made by defendants, which assignment they agreed to in consideration of the plaintiff agreeing that during the term of the lease "it will continue to operate the said motion-picture theatre, and that failure on the part of the assignee to operate said theatre for a period of thirty days" may be a cause of forfeiture and render the balance of the term void.

The plaintiff owns and operates a rival moving-picture theatre in the immediate neighborhood, and its operation of the theatre in question consisted in running an evening show in it two or three times on November and December, and, as he claims, operating it on the 2nd of January; the evidence shows that a reel was run and a few people paid admission to the theatre on that evening, although it does not appear that the usual advertisement of the show that evening was made. Acting upon the forfeiture clause above mentioned, defendant owners took possession of the theatre and leased it to the other defendant, whereupon the ejectment above mentioned was brought.

We are of opinion that the plaintiff is not entitled to a preliminary injunction for two reasons: First, because by bringing an ejectment proceeding it has admitted that it is out of possession, and to grant the prayer of the bill would be restoring it to possession, which is not the province of equity; and, second, because the plaintiff has not made it appear that it has been in good faith continuing to operate the motion-picture theatre within the apparent meaning of the agreement to do so for much more than thirty days. A preliminary injunction is not to be granted where the plaintiff's right is doubtful. The restraining order heretofore granted is, therefore, dissolved and a preliminary injunction refused.

From Edwin L. Mattern, Pittsburgh, Pa.